IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **AMERICAN SENTINAL INSURANCE COMPANY** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | **Civil Action No. _____** |
| **AR Xpress LLC DBA AR Transport, and Edna Maciel-Castorena, Individually and as Putative Heir of Cesar Maciel-Castorena, Deceased**, | § § § § § § § § | |
| *Defendants*. | § | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**TO THE HONORABLE JUDGE OF SAID COURT**:

NOW COMES, Plaintiff American Sentinel Insurance Company, and represents to the Court as follows:

**1.
Introduction**

1.1    This is a declaratory judgment action to determine whether American Sentinel has a duty to defend and/or indemnify Defendant AR Xpress LLC DBA AR Transport, under a commercial auto policy, against claims arising from an accident involving one if its employees, who, while in the course of employment, operated an AR Xpress tractor-trailer during an interstate transport and had a collision that resulted in his death.

**2.
Parties**

2.1    Plaintiff American Sentinel is a Pennsylvania insurance company with its principal place of business in Harrisburg, PA.

1

2.2     Defendant AR Xpress is a limited liability company doing business in the State of Texas. AR Xpress may be served by and through its registered agent, DOT Truck Permits, 6315 N. Expressway 281, Edinburg, TX 78542 or at any other location where it may be found.

2.3     Defendant Edna Maciel-Castorena resides in Hidalgo County, Texas and is a citizen of Texas. Upon information and belief, she is the surviving spouse and putative heir of Decedent, Cesar Maciel-Castorena, who was a citizen of Texas and resided in Hidalgo County, Texas at the time of death. Upon information and belief, there has no administration of the Decedent's estate; therefore, this action is brought against Edna Maciel-Castorena, individually and as putative heir of Decedent. She may be served with process at 336 Verde Circle, Donna, TX 78537 or at any other location where she may be found.

### 3.
### Jurisdiction and Venue

3.1     This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 *et seq*. Plaintiff is a citizen of the State of Pennsylvania, Defendants are citizens of the State of Texas.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. By virtue of diversity of citizenship of the parties and sufficiency of the amount in controversy, this Court has jurisdiction under 28 U.S.C. §1332 (a)(1).

3.2     American Sentinel's declaratory judgment action concerns its rights and obligations to AR Xpress, a company located in Edinburg, Hidalgo County, Texas, in relation to claims for damages to or on behalf of residents of Hidalgo County, which is one of the counties within the McAllen Division of the Southern District of Texas. As all or a significant part of the acts or omissions giving rise to this action occurred in this judicial district and division, venue is proper in this Court pursuant to 28 U.S.C. §124(b)(7) and 28 U.S.C. §1391(b)(2).

## 4.
## Nature of the Case

4.1     This case arises from a fatal single-vehicle accident on August 21, 2019 involving Cesar Maciel-Castorena, an AR Xpress driver ("Decedent"); AR Xpress notified American Sentinel of the accident, to which it assigned claim number ASI-0000373.

4.2     At the time of the accident, Decedent, then age 53 and a resident of Donna, Hidalgo County, Texas, drove a 2000 Freightliner tractor-trailer owned by AR Xpress in the course of his employment for the purpose of transporting produce (frozen cabbage) from McAllen, Texas to Maryland. He was the vehicle's sole occupant.

4.3     During the interstate transport, the tractor-trailer struck a guardrail, went down an embankment, and rolled over, causing the fuel tank to erupt and engulf the vehicle in flames. The accident occurred on I-59 in Dade County, Georgia.

4.4     AR Xpress is a federally regulated interstate motor carrier.

4.5     Decedent was an employee and/or statutory employee of AR Xpress at the time of the accident.

4.6     The American Sentinel policy issued to AR Xpress expressly excludes coverage for "bodily injury" to the Decedent. Therefore, American Sentinel has no duty to indemnify AR Xpress for any damages in connection with the Claim.

## 5.
## American Sentinel Policy of Insurance

5.1     American Sentinel issued AR Xpress a commercial package policy, number FCT900048-01, effective January 16, 2019 to January 19, 2020, which includes a Motor Carrier Coverage Form.

5.2 The Policy's insuring agreement provides:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A. COVERAGE**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

5.3 The Policy provides liability coverage of $1 million per accident for covered autos designated by symbol 67, which are "Specifically Described 'Autos,'" defined as those described in Item Three of the Declarations.

5.4 The Policy Declarations Item Three: Schedule of Covered Autos You Own lists the subject 2000 Freightliner; thus, it qualifies as a covered "auto."

5.5 The Policy provides: "Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations." AR Xpress is the Named Insured.

5.6 The Policy defines "insured" as "any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage." Section II - Covered Autos Liability Coverage further provides:

**1. Who Is An Insured**

The following are "insureds":

**a.** You for any covered "auto".

5.7 AR Xpress, the Named Insured on the Declarations, meets the Policy definitions of "you," "your," and "insured" for covered "auto" liability coverage.

5.8 Additionally, the Policy Business Description for AR Xpress is: Commercial Motor Carrier. AR Xpress is a federally regulated interstate motor carrier under the Motor Carrier Safety

Act. As such, the Policy contains: Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980 (the "MCS-90 Endorsement").

## 6.
## Workers' Compensation Exclusion Bars Coverage

6.1   The Policy contains the following exclusion, which provides that the insurance does not apply to:

> **3. Workers' Compensation**
>
> Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

6.2   Exclusion 3 precludes coverage for any workers' compensation benefits sought in connection with the Claim because Decedent was an employee of the "insured."

## 7.
## Employer's Liability Exclusion Bars Coverage

7.1   The Policy contains the following exclusion, which provides that the insurance does not apply to:

> **4. Employee Indemnification and Employer's Liability**
>
> "Bodily injury" to:
> a.   An "employee" of the "insured" arising out of and in the course of:
>    (1) Employment by the "insured"; or
>    (2) Performing the duties related to the conduct of the "insured's" business; or
> b.   The spouse parent, brother or sister of that "employee" as a consequence of **a.** above.
>
> This exclusion applies:
>
> (1)   Whether the "insured" may be liable as an employer or in any other capacity; and
> (2)   To any obligation to share damages with or repay someone else who must pay damages because of the injury.

\* \* \*

5

7.2 The policy provides the following definitions pertinent to Exclusion 4:

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

\* \* \*

**F.** "Employee" includes a "leased worker". "Employee does not include a "temporary worker."

7.3 Exclusion 4 precludes coverage for all damages sought in connection with the Claim because Decedent was an "employee" of the "insured."

# 8.
## Occupant Hazard Exclusion Bars Coverage

8.1 The Policy contains an endorsement titled Occupant Hazard Exclusion, which provides:

This endorsement modifies insurance under the following:

MOTOR CARRIER COVERAGE FORM

\* \* \*

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**, is amended by adding the following exclusion:
This insurance does not apply to bodily injury to any person while "occupying" a covered "auto". Occupying means in, upon, getting in, on, out or off.
If we are required by law to pay for such loss, you will reimburse us for any and all loss, costs, and expenses paid or incurred by us.

8.2 The Occupant Hazard Exclusion Endorsement bars coverage for all damages sought in connection with the Claim because Decedent was "occupying" a covered "auto" at the time of the accident.

# 9.
## MCS-90 Endorsement Does Not Provide Coverage

9.1 The Policy's MCS-90 Endorsement provides:

[X] This insurance is primary and the company shall not be liable for

amounts in excess of $750,000 for each accident.

\* \* \*
## DEFINITIONS AS USED IN THIS ENDORSEMENT

\* \* \*

**Motor Vehicle** means a land vehicle, machine, truck, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway for transporting property, or any combination thereof.

\* \* \*

**Public Liability** means liability for bodily injury, property damage, and environmental restoration.

\* \* \*

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. ***Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment*** . . . it is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described . . .. (Emphasis added.)

\* \* \*

9.2     The MCS-90 Endorsement does not provide coverage for all damages sought in connection with the Claim because, pursuant to the express terms of the MCS-90 Endorsement, coverage afforded thereunder is limited to public liability, and *not* to injury to or death of the insured's employees while engaged in the course of employment. The facts made basis of the Claim fall directly within the employee-injury exception specified in the MCS-90 Endorsement.

7

## 10.
## Reservation Regarding Amendment

10.1 American Sentinel reserves the right to amend as necessary to add to this action additional claims that may be made against AR Xpress.

10.2 American Sentinel reserves the right to amend as necessary to add or change the named individual Defendant if an action for administration of the Decedent's estate is filed and names a personal representative, executrix or administrator of the estate.

**WHEREFORE, PREMISES CONSIDERED,** American Sentinel Insurance Company prays for judgment declaring the rights and obligations of the parties, and in particular for a declaration that it owes no duty to defend or indemnify AR Xpress against any claims asserted by or on behalf of the Decedent and his heirs and/or beneficiaries, that it owe no judgment rendered against AR Xpress in connection with the Claim, and for such other and further relief, at law or in equity, to which American Sentinel may show it is justly entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi, Attorney-In-Charge
Texas Bar No. 24041468
Southern District Bar No. 38607
StephenM@tbmmlaw.com
Matthew Rigney
Texas Bar No. 24068636
Southern District Bar No. 2870042
MattR@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:  214-665-0100
Facsimile:  214-665-0199
**ATTORNEYS FOR PLAINTIFF AMERICAN SENTINEL INSURANCE COMPANY**