**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **AMERICAN SENTINEL INSURANCE COMPANY**<br><br>***Plaintiff*****,**<br><br>**v.**<br><br>**AR Xpress LLC dba AR Transport, and Edna Maciel-Castorena, Individually and as Putative Heir of Cesar Maciel-Castorena, Deceased**<br><br>***Defendant*****.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 7:20-cv-00028** |

**PLAINTIFF AMERICAN SENTINEL INSURANCE**
**COMPANY'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

Plaintiff American Sentinel Insurance Company (ASIC) files this Motion for Summary Judgment and Brief in Support, and would respectfully show the Court the following:

## I. INTRODUCTION

This is an action for declaratory judgment to determine whether ASIC has a duty to defend or indemnify AR Xpress, LLC, dba AR Transport (AR Xpress), a federally regulated interstate motor carrier. AR Xpress has been sued by Edna Maciel-Castorena, Individually and as Putative Heir of Cesar Maciel-Castorena, Deceased (Maciel-Castorena), arising from an accident in which Decedent was operating an AR Xpress-owned tractor-trailer during interstate transport, which resulted in his death. There is no coverage for any claims brought by Maciel-Castorena under ASIC's commercial insurance policy issued to AR Xpress because Decedent was an employee of AR Xpress and within the scope and course of his employment at the time of his death as a matter of law.

## II. SUMMARY JUDGMENT EVIDENCE

To support the facts of this motion, ASIC offers the following evidence attached to this Motion and incorporates it by reference:

| | |
|---|---|
| **Exhibit 1** | **A True and Correct copy of Policy No. FCT900048-01, Issued by American Sentinel to AR Xpress, effective February 16, 2019, to February 16, 2020** |
| **Exhibit 2** | **Original Complaint: Maciel-Castorena v. AR Xpress, Cause No. C-1423-20-A, Hidalgo County** |

## III. FACTS

Edna Maciel-Castorena filed a lawsuit against AR Xpress styled *Edna Maciel-Castorena, Individually and as Representative of the Estate of Cesar Maciel-Castorena, Deceased v. AR Xpress LLC dba AR Transport* in the 92nd Judicial District Court, Hidalgo County, Cause No. 1423-20-A (Underlying Lawsuit). *See* Ex. 2. According to the Underlying Lawsuit: On or about August 21, 2019, Cesar Maciel-Castorena sustained fatal injuries while employed by AR Xpress. *Id.* at ¶V, at ASI 083. At the time of the incident, Decedent was in the course and scope of his employment when driving a 2000 Freightliner tractor-trailer owned by AR Xpress. *Id.* The 2000 Freightliner was being used to transport frozen cabbage from Texas to Maryland. *Id.* While Decedent was operating the tractor-trailer, the truck malfunctioned, causing the vehicle to strike a guard rail and hurtle down an embankment. *Id.* Decedent was unable to exit the vehicle as it became engulfed in flames and, as a result, he died. *Id.* Maciel-Castorena alleges that Decedent's death was proximately caused by the negligence and gross negligence of AR Xpress. *Id*.

ASIC filed suit in this Court, seeking a declaratory judgment concerning that it has no duty to defend and/or indemnify AR Xpress against a claim by Maciel-Castorena. *See* ECF No. 1, ¶1.1. After receiving no answer and no appearance by Maciel-Castorena, ASIC filed requested an Entry

of Default against Maciel-Castorena, which was granted and an Order entered on March 27, 2020. *See* ECF No. 10. ASIC filed a motion for Default Judgment against Maciel-Castorena, which was granted, and an Order was entered by this Court on June 1, 2020, holding that the American Sentinel policy issued to AR Xpress provides no coverage for the claims asserted or raised by Maciel-Castorena against Decedent's employer as to this or similar actions. *See* ECF No. 15 and ECF No. 19, respectively.

## IV. ARGUMENT

Decedent was an employee or statutory employee of AR Xpress at the time of his death as a matter of law. The ASIC policy precludes coverage for bodily injuries to employees or statutory employees of AR Xpress, such as the Decedent. As a result, ASIC does not provide coverage for the claims raised in the Underlying Lawsuit and, therefore, has no duty to defend and no duty to indemnify AR Xpress for any claims brought against it by Maciel-Castorena. For these reasons, ASIC is entitled to summary judgment as a matter of law.

### A. Duty to Defend, Duty to Indemnify, and ASIC's Burden

A court evaluates an insurer's duty to defend under the eight corners rule. *City of Coll. Station, Tex. v. Star Ins. Co.*, 735 F.3d 332, 336 (5th Cir. 2013); *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church,* 197 S.W. 3d 305, 308 (Tex. 2006). An insurer must defend its insured if the factual allegations of a pleading state a claim that is potentially within the coverage of the policy. *Coll. Station*, 735 F.3d at 336; *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines*, 939 S.W.2d 139, 140 (Tex. 1997). The allegations are considered in light of the insurance policy without regard to their truth or falsity. *Ooida Risk Retention Grp., Inc. v. Williams*, 579 F.3d 469, 472 (5th Cir. 2009). Only factual allegations are considered — not the legal theories or causes of action asserted.

*Evanston Ins. Co. v. Legacy of Life, Inc*., 645 F.3d 739, 745 (5th Cir. 2011); *Farmers Tex. Cty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997).

The insured bears the burden of establishing the allegations are within the scope of coverage. *JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W.3d 597, 603 (Tex. 2015). The insurer then bears the burden of establishing an exclusion applies. *JAW*, 460 S.W.3d at 603. Finally, the burden shifts back to the insured to prove an exception to the exclusion. *Id.* While the pleadings are liberally construed, "[a]rguing for a liberal construction of the plaintiff's pleadings is not equivalent to challenging the eight-corners doctrine or to requesting an exception to it." *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co*, 300 S.W.3d 740, 743 (Tex. 2009). In reviewing whether a duty to defend exists, the Court cannot read facts into the pleadings or assume factual scenarios that might give rise to a defense obligation. *E.g. Merchs. Fast Motor Lines*, 939 S.W.2d at 142.

The duty to indemnify, on the other hand, is based on the actual facts developed in the litigation. *Colony Ins. Co. v. Peachtree Const., Ltd*., 647 F.3d 248, 253 (5th Cir. 2011); *Trinity Univ. Ins. Co. v. Cowan*, 945 S.W.2d 819, 821 (Tex. 1997). However, the duty to indemnify is justiciable before the underlying lawsuit is resolved when the same reasons that negate the duty to defend also negate any possibility that the insurer will have a duty to indemnify. *Griffin,* 955 S.W.2d at 84.

**B. Decedent Was an Employee of AR Xpress**

The decedent is expressly alleged to be an employee of AR Xpress. *See* Ex. 2 at ¶V, at ASI 083. Further, he qualifies as an employee of AR Xpress under federal law.

AR Xpress admits that it is a federally regulated motor carrier. *See* ECF No. 1, ¶4.4 and ECF No. 7, ¶10. A motor carrier is regulated, in part, by Federal Motor Carrier Safety Regulations, 49 C.F.R. §390. Pursuant to Federal Regulation, an "employee" of a motor carrier is "any

individual … who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler ….” 49 C.F.R §390.5. A person driving as an independent contractor qualifies as a statutory "employee" under 49 C.F.R §390.5. *Ooida*, 579 F.3d at 474.

An "employer" is "any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it ….” 49 C.F.R §390.5.

### C. Two Policy Exclusions Preclude Coverage

Two exclusions in the Policy preclude coverage for claims arising out of the injuries Decedent sustained. Both exclusions specifically relate to Decedent's status as an employee for AR Xpress: Employee Indemnification and Employer's Liability (Employee Exclusion) and the Workers' Compensation Exclusion.

#### a. The Policy's Employee Exclusion

Decedent was an employee of AR Xpress who died while driving a tractor-trailer full of frozen cabbages from Texas to Maryland, within the course and scope of his employment. The Policy contains the following dispositive exclusion, Ex. 1 at ASI 016:

> **SECTION II – COVERED AUTOS LIABILITY COVERAGE**
>
> * * *
>
> **B. Exclusions**
>
> This insurance does not apply to any of the following:
>
> * * *
>
> **4. Employee Indemnification and Employer's Liability**
>
> "Bodily injury" to:

> **a.** An "employee" of the "insured" arising out of and in the course of:
> **(1)** Employment by the "insured"; or
> **(2)** Performing the duties related to the conduct of the "insured's" business; or
> **b.** The spouse parent, brother or sister of that "employee" as a consequence of **a.** above.
> This exclusion applies:
>
> **(1)** Whether the "insured" may be liable as an employer or in any other capacity; and
> **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

* * *

The Policy contains the following definitions for "bodily injury" and "employee", at ASI 024 & 025:

> **SECTION VI – DEFINITIONS**
>
> * * *
>
> **C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.
>
> * * *
>
> **F.** "Employee" includes a "leased worker". "Employee does not include a "temporary worker."

As an "employee" who sustained "bodily injury" while in the course of his employment and performing duties related to the "insured's" business, the Employee Exclusion precludes coverage for any claims or damages arising out of injuries Decedent sustained in the accident. Courts construing Texas law have repeatedly upheld employer's liability exclusions for injuries suffered by employees that "arise out of" employment. *See Nautilus Ins. Co. v. Zamora*, 114 F.3d 536, 538-39 (5th Cir. 1997); *see also Atl. Cas. Ins. Co. v. PV Roofing Corp.*, 2010 U.S. Dist. LEXIS 36890, *10 (S.D. Tex. Apr. 14, 2010). The Fifth Circuit holds that when a person was performing the duties of his or her job when the injuries occurred, the injuries "arose out of" his or her employment

and within the policy exclusion and that, therefore, the insurer owed no duties of defense or indemnity. *Zamora*, 114 F.3d at 539 (citing *T.I.M.E., Inc. v. Maryland Cas. Co.*, 300 S.W.2d 68, 71 (Tex. 1957); *National Union Fire Ins. Co. v. National Convenience Stores, Inc.*, 891 S.W.2d 20, 21 (Tex. App.—San Antonio 1994, no writ)). Additionally, because Decedent was an employee of AR Xpress under 490 C.F.R. §390.5, the Policy's Employee Exclusion applies to preclude coverage. *Consumers County Mut. Ins. Co. v. PW & Sons Trucking Inc.*, 307 F.3d 362, 367 (5th Cir. 2002); *Scottsdale Indem. Co. v. Rural Trash Serv.*, 142 F. Supp. 3d 530, 535 (S.D. Tex. 2015). *See also Ooida*, 579 F.3d at 478 (finding no duty to defend or indemnify under the policy after determining that both Williams and Moses were statutory "employees.") Under the definition of 490 C.F.R. §390.5, Decedent qualifies as a statutory "employee" under the Policy and falls under the Policy's employee exclusions. *Canal Ins. Co. v. Flores*, 2009 U.S. Dist. LEXIS 37013, *23, 2009 WL 1033770 (W.D. Tex. 2009).

**b. The Policy's Workers' Compensation Exclusion**

The Policy also contains the following dispositive exclusion, Ex. 1 at ASI 016:

> **SECTION II – COVERED AUTOS LIABILITY COVERAGE**
>
> * * *
>
> **B. Exclusions**
> This insurance does not apply to any of the following:
>
> * * *
>
> **3. Workers' Compensation**
>
> Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

The Workers' Compensation Exclusion precludes coverage for any obligation for which any workers' compensation benefits (or similar) would apply. As an employee of the "insured,"

pursuant to 49 C.F.R. §390.5, this exclusion precludes coverage that may arise due to Decedent's injuries as well.

**D. The Policy's MCS-90 Endorsement Provides No Coverage**

The ASIC Policy contains an Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980 (the "MCS-90 Endorsement"). It provides no coverage for the claims in the Underlying Lawsuit. The Policy's MCS-90 Endorsement provides, at ASI 011:

> [X] This insurance is primary and the company shall not be liable for amounts in excess of $750,000 for each accident.
>
> * * *
>
> **DEFINITIONS AS USED IN THIS ENDORSEMENT**
>
> * * *
>
> **Motor Vehicle** means a land vehicle, machine, truck, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway for transporting property, or any combination thereof.
>
> * * *
>
> **Public Liability** means liability for bodily injury, property damage, and environmental restoration.
>
> * * *
>
> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. ***Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment*** . . . it is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described …
>
> (Emphasis added.)

* * *

Pursuant to the express terms of the MCS-90 Endorsement, coverage afforded thereunder is limited to public liability, and *not* extended to cover injury to or death of the insured's employees while engaged in the course of their employment. The facts in this case fall directly within the employee-injury exception specified in the MCS-90 Endorsement; therefore, the MCS-90 Endorsement does not provide coverage for Decedent. "The [MCS-90] endorsement explicitly exclude[s] from coverage liability resulting from 'injury to or death of the insured's employees while engaged in the course of their employment.' Because the MCS-90 is a federally-mandated endorsement whose terms are specified by federal regulation, the federal definition set forth in §390.5 clearly applie[s]." *Consumers County Mut.*, 307 F.3d at 367 n.7; *Perry v. Harco Nat'l Ins. Co.*, 129 F.3d 1072, 1073 (9th Cir. 1997).

Because Decedent qualifies as an employee of AR Xpress, coverage is precluded as a matter of law. And because coverage is not available for claims arising out of Decedent's bodily injuries sustained in the accident, ASIC has no duty to defend AR Xpress for any claims arising out of the accident that killed the Decedent.

**E. The Same Facts That Negate ASIC's Duty to Defend Negate Any Potential Indemnity Duty**

The Court should grant summary judgment to ASIC on its duty to indemnify AR Xpress because the same facts that negate ASIC duty to defend negate any possibility that it will have to indemnify AR Xpress for the Underlying Lawsuit. *Farmers Tex. County Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 84. (Tex. 1997).

Decedent was an employee of AR Xpress as a matter of law. Because of his status as an employee of AR Xpress, coverage for the bodily injuries he sustained while operating a tractor-trailer within the scope and course of his employment are excluded from coverage as a matter of

law. Because of this impossibility for coverage under the policy, the Court should grant ASIC's motion for summary judgment.

## V. CONCLUSION

The case is simple. The Decedent was an employee AR Xpress as a matter of law. And coverage for claims arising out of injuries to employees is expressly excluded from coverage under the terms of the ASIC Policy. Therefore, the ASIC policy does not cover the claims that Defendant Edna Maciel-Castorena is making against insured AR Xpress. Thus, ASIC has no duty to defend or indemnify AR Xpress against the claims raised in the Underlying Lawsuit, and is therefore entitled to judgment as a matter of law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff American Sentinel Insurance Company respectfully requests the Court grant this Motion for Summary Judgment in its favor, holding that the ASIC has no duty to defend or indemnify AR Xpress, and for any such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi, Attorney-In-Charge
Texas Bar No. 24041468
Southern District Bar No. 38607
StephenM@tbmmlaw.com
Matt Rigney
Texas Bar No. 24068636
Southern District Bar No. 2870042
MattR@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone: 214-665-0100
Facsimile: 214-665-0199
**ATTORNEYS FOR PLAINTIFF AMERICAN SENTINEL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August, 2020, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure on all counsel of record.

*/s/ Stephen A. Melendi*
Stephen A. Melendi